IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Andrew H. Stevens,** *et al.* : | |
| : | |
| **Plaintiffs,** : | Case No. 2:20-CV-1230 |
| : | |
| v.   : | Chief Judge Algenon L. Marbley |
| : | |
| **City of Columbus, Ohio,** : | Magistrate Judge Deavers |
| : | |
| **Defendant.** : | |

## ORDER

This matter is before the Court on Plaintiff's Motion for a Preliminary Injunction (ECF No. 3). On March 16, 2020, this Court held a telephonic status conference with counsel for Plaintiffs and Defendant to set a schedule for briefing this motion and a timeline for conducting the hearing. The parties have agreed to the following schedule:

| | |
|---|---|
| March 30, 2020 | Defendant's Response to Motion for Preliminary Injunction |
| April 13, 2020 | Plaintiff's Reply |
| April 21, 2020 | Preliminary Injunction Hearing to be held at 11:00 a.m. |

The Court will plan to hold a virtual preliminary injunction hearing beginning on **April 21, 2020 at 11:00 a.m.**, before the Honorable Algenon L. Marbley. Technical details regarding the virtual hearing will be circulated as the hearing date approaches.

Should the parties require the hearing date to be continued, they must file a written motion supported by an affidavit explaining the circumstances warranting a continuance.

The focus of the parties' briefing should be the four factors the Court will consider in determining whether a Preliminary Injunction is warranted: (1) whether the movant has a strong

likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction.

The Court shall handle all discovery disputes for the purposes of the Preliminary Injunction hearing.

During the March 16 status conference, Plaintiffs' counsel notified the Court of their intent to seek consolidation of the Preliminary Injunction hearing with the trial on the merits. Plaintiffs are requested to file a formal motion requesting this. Defendant, in its response brief, shall respond to Plaintiffs' request.

An appendix outlining the trial procedures to be followed at the virtual hearing follows this Order.

**IT IS SO ORDERED.**

     s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE:  March 20, 2020**

### APPENDIX

### I.  VIRTUAL TRIAL PROCEDURES

#### Appearances

Counsel will enter their appearance with the Court Reporter and the Courtroom Deputy Clerk before the start of the opening session of the hearing. Details will be provided on how to enter an appearance virtually.

#### Objections

When objecting, state only that you are objecting and the succinct legal basis for your objection.  Objections shall not be used for the purpose of making speeches, repeating testimony, or to attempt to guide a witness.

Argument upon an objection will not be heard unless permission is given or argument is requested by the Court.

#### Decorum

Colloquy, or argument between counsel will not be permitted.  All remarks shall be addressed to the Court.

Counsel shall maintain a professional and dignified atmosphere throughout the hearing.

During the hearing, counsel shall not exhibit familiarity with witnesses or opposing counsel and shall avoid the use of first names.

Do not ask the Court Reporter to mark testimony.  All requests for re-reading of questions or answers shall be addressed to the Court.

#### Demonstrative Evidence

If any sketches, models, diagrams, or other demonstrative evidence of any kind will be used during the proceeding, they must be exhibited to opposing counsel two days prior to the

hearing. Objections to the same must be submitted to the Court prior to the commencement of the hearing. Demonstrative evidence prepared solely for the purpose of final argument shall be displayed to opposing counsel at the earliest possible time but in no event later than one-half hour before the commencement of the arguments.

Counsel must coordinate with the Court in advance of the hearing for the electronic display of any demonstrative evidence.

### **Exhibits**

Counsel will combine and mark all exhibits in pdf format and deliver them to the courtroom deputy via email prior to the commencement of the hearing. Plaintiff's exhibits will bear the letter prefix P followed by Arabic numerals and Defendant's exhibits will bear the prefix D followed by Arabic numerals.

Counsel should keep a list of all exhibits and should supply the Court and opposing counsel with a copy of the same. The parties shall submit all exhibits in digital format with an index.

Exhibits which are produced for the first time during the hearing, as in the case of exhibits used for impeachment, shall be emailed to the courtroom deputy for marking and then displayed to opposing counsel.

### **Sanctions**

The parties and counsel shall comply fully and literally with this pre-hearing order. The Court will consider the imposition of appropriate sanctions in the event of non-compliance, including monetary sanctions, the dismissal of claims or defenses, or the exclusion of evidence. Fed. R. Civ. P. 16(f).

This order supersedes all previous orders in this case to the extent previous orders are inconsistent with this order.

The parties shall address questions about this Order to the Court's Law Clerk, Sarah Alsaden, at (614) 719-3260, by way of a telephone conference with counsel for all parties participating, or with fewer than all counsel participating with express permission of non-participating counsel. Or, the parties may contact Ms. Alsaden at sarah_alsaden@ohsd.uscourts.gov, by way of email with counsel for all parties carbon-copied, or with fewer than all counsel carbon-copied with express permission of non-participating counsel.