**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANDREW H. STEVENS, et al.** | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:20-cv-01230 |
| | : | |
| v. | : | Judge Marbley |
| | : | |
| **CITY OF COLUMBUS, OHIO, et al.** | : | Magistrate Judge Deavers |
| | : | |
| Defendants. | : | |

**DEFENDANTS CITY OF COLUMBUS AND TIMOTHY J. NOLL'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION AND IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL CONSOLIDATION OF MOTION
FOR PRELIMINARY INJUNCTION WITH TRIAL ON THE MERITS AS TO
DECLARATORY AND INJUNCTIVE RELIEF ONLY**

Defendants City of Columbus (the City) and Timothy J. Noll (Noll), by counsel, respond as follows in opposition to (1) Plaintiffs' Motion for Preliminary Injunction (Doc. 3), and (2) Plaintiffs' Motion for Partial Consolidation of Motion for Preliminary Injunction with Trial on the Merits as to Declaratory and Injunctive Relief Only (Doc. 12).[1]

**I.      INTRODUCTION**

Plaintiffs Andrew H. Stevens and Melanie Copenhaver (Plaintiffs) filed this lawsuit on March 9, 2020.  (Doc. 1)  Plaintiffs filed their Motion for Preliminary Injunction contemporaneously with their Complaint.  (Doc. 3)  On April 8, 2020, they filed their Motion for Partial Consolidation of Motion for Preliminary Injunction with Trial on the Merits as to Declaratory and Injunctive Relief Only.  (Doc. 12)

Plaintiffs own and reside at a home located at 1734 Bryden Road in Columbus, Ohio.

---

[1] The City is not waiving service of process by filing this memorandum in opposition. The Court's docket does not reflect that service has been made and the City has no record of service.

1

(Doc. 1, ¶¶ 10, 11)  Plaintiffs' property is located in the Bryden Road Historic District which, according to Plaintiffs, consists of 259 structures.  (Doc. 1, ¶ 19)  Plaintiffs allege that, on June 25, 2018, Defendant Noll, a City code enforcement officer, issued a "Columbus City Code Violation Notice to Plaintiff Stevens, who was the sole owner of the property at that time." (Doc. 1, ¶ 36; Doc. 3, p. 4)  Plaintiffs state that the notice of violation was issued because a brick retaining wall was erected in the front yard without Plaintiff Stevens first obtaining a required certificate of appropriateness.  (Doc. 3, p. 4)

Plaintiff Stevens appealed the notice of violation to the City's Historic Preservation Commission and the City's Board of Commission Appeals to no avail.  After the Historic Preservation Commission and the Board of Commission Appeals upheld the notice of violation, Plaintiff Stevens filed a case in the Franklin County Municipal Court, Environmental Division. In that case, Mr. Stevens also sought a declaratory judgment and injunctive relief, as well as a Chapter 2506 appeal.  (See, *Andrew H. Stevens v. City of Columbus,* Franklin County Municipal Court, Environmental Division, Case No. 2019 EVA 060245)  Mr. Stevens failed to perfect the Chapter 2506 appeal because he did not file a praecipe.  The court granted the City's motion to dismiss the remaining claims for lack of subject matter jurisdiction.  In so doing, the court found that, although the case was characterized by Mr. Stevens as an appeal of the decision of an administrative body (the Board of Commission Appeals) pursuant to Ohio Rev. Code 2506, it was actually a declaratory judgment action challenging the constitutionality of such action.  (See Decision and Entry, attached as Ex. A)  Mr. Stevens should have filed an administrative appeal from the decision of the Board of Commission Appeals to the Franklin County Court of Common Pleas, as provided for in Ohio Rev. Code 2506.01, which provides for appeals from final orders and decisions of political subdivision officers.  Instead, he filed in municipal court.

After Plaintiff Stevens lost in municipal court both Plaintiffs filed this case in federal court.

**II.     BACKGROUND**

The City's Planning and Historic Preservation Code has been adopted by Columbus City Council and is part of the Columbus City Code.  (CCC 3101.01, et seq., attached as Ex. B)   The stated purpose for the adoption of the Planning and Historic Preservation Code is to "preserve and promote the public health, safety and welfare by means of regulations and restrictions enacted to encourage the orderly growth and development of the city; to provide for adequate light, air, open space and convenience of access . . . and to maintain and enhance the value of buildings, structures and land throughout the city."  (CCC 3101.01)  Further, the "provisions of the Planning and Historic Preservation Code shall be held to be minimum requirements adopted for the promotion of the public health, safety and welfare and shall be so interpreted and applied."  (CCC 3101.03)

The Director of the City's Department of Development, or the director's designee, "shall have the powers of a police officer" and may institute any appropriate action or judicial proceeding to prevent the unlawful construction or alteration of any building or structure . . . Strict liability shall be the standard for enforcement."  (CCC 3101.07)

Despite being aware of the requirement to apply for a certificate of appropriateness, having done so in the past for various projects on his property, Plaintiff Stevens completely landscaped his front yard, including the addition of a brick retaining wall, without applying for a certificate of appropriateness.  Plaintiff claims he did not know that he was required to obtain a certificate of appropriateness for landscaping. The City Code, however, provides that "'substantial alteration' means an alteration that has a major impact on the architectural features, characteristics or integrity of a structure or listed property including, but not limited to changes

in, or additions to . . . fencing and site improvements such as regrading and filling." (CCC 3116.01(A)(4))

### III. LAW AND ARGUMENT

#### A. Plaintiffs' Motion for Preliminary Injunction

In their motion for preliminary injunction, Plaintiffs state that the court should "enjoin the City of Columbus from continuing to impose criminal, civil, or equitable penalties upon Plaintiffs and other Columbus homeowners in response to their failure to obtain Historic Resource Commission (HRC) approval of gardening and landscaping alterations." (Motion for Prelim. Inj., p. 3) Although Plaintiffs purport to seek relief for themselves and other undefined Columbus homeowners, the only plaintiffs in this case are Andrew Stevens and Melanie Copenhaver. Plaintiffs, therefore, may request relief only for themselves.

##### i. Standard for Motion for Preliminary Injunction

Motions for preliminary injunction are governed by Fed. R. Civ. P 65. The purpose of a preliminary injunction is to preserve the status quo pending a determination on the merits. When considering a motion for preliminary injunction, the court must consider "whether the plaintiffs have demonstrated that they are likely to succeed on the merits" and "whether the plaintiffs [have] shown irreparable injury." *Ashcroft v. ACLU*, 542 U.S. 656, 666, 124 S.Ct. 2783, 159 L.Ed.2d 690 (2004), citing *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 931, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). The court should also consider whether an injunction will cause others to suffer substantial harm, and whether the public interest would be served by a preliminary injunction. These four factors are to be balanced by the court. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985) Since there is a lesser burden of proof required to support a motion for preliminary injunction, the court's disposition is not dispositive of the issues on the

merits. *William G. Wilcox v. United States,* 888 F.2d 1111, 1114 (6th Cir. 1989). Plaintiffs cannot establish any of these factors.

### ii. Plaintiffs are Unlikely to Succeed on the Merits of Their Due Process Claim

Plaintiffs are unlikely to succeed on the merits of their claims for the following reasons: (1) they have not exhausted their administrative remedies (2) the City's regulations are not unconstitutional, either on their face or as applied to Plaintiffs; and (3) the regulations are not arbitrary or vague, nor do they prohibit any minor alteration to Plaintiffs' yard. The photographs of Plaintiffs' yard before and after the alterations demonstrate that those alterations cannot be characterized as minor. (See photos attached to Plaintiffs' complaint as Page ID # 25, 26 and 27) The City's regulations also do not burden homeowners by requiring them to prove that their landscaping is appropriate or compatible. Had Mr. Stevens applied for a certificate of appropriateness **before** the landscaping project, the City would have worked with him to revise his proposed changes to ensure they were in compliance with the City's guidelines. Mr. Stevens admits that he had received certificates of appropriateness for other projects at his home, so he certainly was not ignorant of the City's requirements and the process that must be followed to obtain a certificate.

All ordinances of the City of Columbus are enacted pursuant to the process identified in Sections 19-25 of the Columbus City Charter. A copy of those sections is attached as Exhibit C. That process complies with all constitutional requirements. The law provides a strong presumption that CCC Chapters 3116 and 3117 are constitutional. "A statute or ordinance will be presumed to be constitutional by the courts unless the contrary clearly appears; and in case of doubt, every possible presumption not clearly inconsistent with the language and the subject

matter is to be made in favor of the constitutionality of legislation." *Tower Realty v. City of East Detroit*, 196 F.2d 710, 718 (6th Cir. 1952).

Plaintiffs also failed to exhaust their administrative remedies in state court. The doctrine of exhaustion requires a person to exhaust administrative remedies before seeking redress from the judicial system. *Basic Distrib. Corp. v. Ohio Dept. of Taxation*, 94 Ohio St.3d 287, 290, 762 N.E.2d 979 (2002), *citing Noernberg v. Brook Park*, 63 Ohio St.2d 26, 406 N.E.2d 1095 (1980). Exhaustion of the available remedies includes the perfection of an appeal pursuant to R.C. Chapter 2506. As the Ohio Supreme Court stated in a case wherein the plaintiff did not appeal the granting of a use variance to the common pleas court pursuant to R.C. 2506.01:

> Given the availability of an R. C. Chapter 2506 direct appeal, a property owner, such as plaintiff, adversely affected by the granting of the use variance to a contiguous property owner may not challenge the granting of such use variance in a declaratory judgment action where such property owner does not assert the invalidity or unconstitutionality of the ordinance. *Gates Mills Investment Co. v. Pepper Pike* (1975), 44 Ohio St. 2d 73; *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St. 2d 263, paragraphs one and four of the syllabus; *Standard Oil Co. v.. Warrensville Hts.* (1976), 48 Ohio App. 2d 1.

*Schomaeker v. First Nat'l Bank*, 66 Ohio St.2d 304, 312-313 (1981).

In support of their claim of a Fourteenth Amendment due process violation, Plaintiffs rely on *Horne v. Dep't of Agriculture*, 135 S. Ct. 2419 (2015). Plaintiffs state that the *Horne* court "rejected any notion that 'basic and familiar uses of property'" are a "government benefit." The *Horne* case involved a raisin grower who was required to turn over nearly half of its crop to the government "in exchange for the 'benefit' of being allowed to sell the remaining" crop. *Horne*, at 2430. While the court stated that basic and familiar uses of property are not considered a government benefit, that is not the issue here. In fact, the *Horne* court recognized that "the right to build on one's own property" may be "subjected to legitimate permitting requirements." *Id*. That is what the City has done via its Historic Preservation Code. The City is not prohibiting

6

Plaintiffs from building on, or making any minor alterations to their property. Instead, the City, pursuant to its Historic Preservation Code, has implemented a permitting process in order to preserve the character of its historic districts. Cincinnati and Cleveland, the other large cities in Ohio, have similar codes regulating their historic neighborhoods. See, Cincinnati City Code Chapter 1435, and Cleveland City Code Chapter 161. Absent such regulations, the historic districts in our cities would lose their character.

Plaintiffs allege that the members of the City's Historic Resources Commission are unaccountable, untrained nearby property owners who wield their power arbitrarily. Columbus City Code 3117.02, however, states that the seven commissioners will be appointed by the mayor and will include, but not be limited to, two architects and a representative of the Columbus Landmarks Foundation. Also recommended to membership are architects, contractors, carpenters, engineers, archaeologists, architectural or public historians, developers, business owners, lawyers or bankers. *Id.* In keeping with the requirements of the City Code, the panel of commissioners that considered Plaintiff Stevens's appeal consisted of two architects, a developer and a community planner. Such panel hardly fits Plaintiffs' description of "unaccountable, untrained nearby property owners who wield their power arbitrarily."

Plaintiffs also assert that the City's Historic Preservation Code is impermissibly vague. Plaintiffs cite *Rice v. Village of Johnstown*, Case No. 2:19-cv-504, 2020 U.S. Dist. LEXIS 19752 (S.D. Ohio Feb. 5, 2020); and, *Ctr. for Powell Crossing, LLC v. City of Powell*, 173 F. Supp.3d 639 (S.D. Ohio 2016), to support their statement that land use regulations that delegate broad and vague powers to citizen commissions impermissibly violate homeowners' rights to due process.

In *Rice*, the court found that the city's delegation to a commission to decide whether a planned development "advances the general welfare of the community and neighborhood" was

7

vague because it is not a discernible standard. In this case, Plaintiffs have not identified any such vague language. Moreover, in this case, the decision of the Historic Resources Commission is appealable to the Board of Commission Appeals, and Plaintiff Stevens pursued such appeal.

In *Ctr. for Powell Crossing*, the City of Powell adopted a charter amendment that allowed a commission of private citizens representing five homeowners' associations to create a comprehensive zoning plan for the city. *Powell Crossing*, 173 F. Supp. 3d at 648-52. The court found the amendment an unconstitutional delegation of power to "private parties because the private parties' decisions were binding, the parties lacked 'discernible standards,' and the private parties 'directly represent the interests of area homeowners' associations. *Id*. at 677-78. Unlike the *Powell* case, the City of Columbus has not delegated decision-making to members of homeowners' associations, rather, the members of the Historic Preservation Commission, which consists of architects, developers, community planners, and other related professionals make the decisions. In addition, the City has discernable standards that the commission follows in making decisions.

### iii. Plaintiffs will not Suffer Irreparable Injury Absent a Preliminary Injunction

Plaintiffs claim they will be irreparably harmed absent a preliminary injunction. The fact that the notice of violation was issued to Plaintiff Stevens in June 2018, and no harm has occurred nearly two years later establishes that there will be no irreparable harm.

### iv. Issuance of an Injunction will Cause the City Harm

Issuance of a preliminary injunction would result in harm to the City if other homeowners in the City's historic districts are aware of such an injunction and then make changes to their properties without seeking certificates of appropriateness.

**B. Plaintiffs' Motion for Partial Consolidation of Motion for Preliminary Injunction with Trial on the Merits as to Declaratory and Injunctive Relief Only**

Plaintiffs filed their motion for Consolidation on April 8, 2020. (Doc. 12) Fed. Civ. P. 65(a)(2) provides for such consolidation, but it is not automatic. Defendants oppose Plaintiffs' motion because they see no reason to have the trial on the merits so quickly. Particularly in light of the current pandemic, Defendants have serious concerns about being able to adequately prepare witnesses and obtain all needed exhibits for trial. Also, since the notice of violation was issued in 2018, and Plaintiffs just filed this lawsuit less than two months ago, Defendants fail to see why there is a sudden need for trial.

### IV. CONCLUSION

Based on the foregoing, Defendants request that the Court deny Plaintiffs' motion for preliminary injunction, and their motion for consolidation of the hearing on the motion for preliminary injunction with the trial on the merits.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY**

s/ Janet R. Hill Arbogast
Janet R. Hill Arbogast (0061955)
Lara N. Baker-Morrish (0063721)
Assistant City Attorneys
77 N. Front Street, 2nd Floor
Columbus, Ohio 43215
Phone: (614) 645-7385
Fax: (614) 645-6949
jrhillarbogast@columbus.gov
lnbakermorrish@columbus.gov
Attorney for Defendants City of Columbus
and Timothy J. Noll

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on April 17, 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                      s/ Janet R. Hill Arbogast
                                      Janet R. Hill Arbogast
                                      Assistant City Attorney