**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANDREW H. STEVENS, et al.** | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:20-cv-01230 |
| | : | |
| v. | : | Judge Marbley |
| | : | |
| **CITY OF COLUMBUS, OHIO, et al.** | : | Magistrate Judge Deavers |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS CITY OF COLUMBUS AND TIMOTHY J. NOLL'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO CERTIFY IMPORTANT QUESTIONS OF STATE CONSTITUTIONAL
LAW TO THE OHIO SUPREME COURT**

Defendants City of Columbus (the City) and Timothy J. Noll (Noll), by counsel, respond as follows in opposition to Plaintiffs' Motion to Certify Important Questions of State Constitutional Law to the Ohio Supreme Court.  (Doc. 23)[1]

Plaintiffs Andrew H. Stevens and Melanie Copenhaver (Plaintiffs) seek to have the following questions certified to the Ohio Supreme Court:

1. Does a municipality exceed the limits of the Ohio Constitution when it criminalizes vague conduct such as maintaining "incompatible" or "inappropriate" landscaping on one's own property, particularly when application of such standards is delegated to non-governmental actors and the burden is placed on the property owner to prove compliance with those standards?

2. Does a municipality exceed the limits of the Ohio Constitution when it, to advance a governmental interest in historic preservation, requires that all exterior alterations of private property be pre-approved by non-governmental actors, whether pursuant to a vague standard or otherwise?

"The certification procedure . . . allows a federal court faced with a novel state-law question to put the question directly to the State's highest court . . ."  *Jones v. Coleman*, 848 F.

---

[1] The City is not waiving service of process by filing this memorandum in opposition. The Court's docket does not reflect that service has been made and the City has no record of service.

1

3d 744, 750 (6th Cir. 2017).  Ohio Supreme Court Practice Rule 9.01 states "[t]he Supreme Court may answer a question of law certified to it by a court of the United States.  This rule is invoked if the certifying court, in a proceeding before it, issues a certification order finding there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court."  *Id.*, citing *Scott v. Bank One Trust Co., N.A.*, 62 Ohio St.3d 39, 46 (1991).

Plaintiffs' proposed questions for certification are based on their allegations that certain words in the Columbus City Code are vague.  For instance, Plaintiffs claim that they do not understand the meaning of the words "incompatible" and "inappropriate."  Claiming ignorance of the meaning of certain words in the Columbus City Code is not sufficient grounds for certifying Plaintiffs' proposed questions to the Ohio Supreme.  Plaintiffs also have not demonstrated that their questions would be outcome-determinative of this proceeding.

Based on the foregoing, Defendants request that the Court deny Plaintiffs' motion to certify.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY**

s/ Janet R. Hill Arbogast
Janet R. Hill Arbogast (0061955)
Andrew D. M. Miller (0074514)
Assistant City Attorneys
77 N. Front Street, 4th Floor
Columbus, Ohio 43215
Phone: (614) 645-7385
Fax: (614) 645-6949
jrhillarbogast@columbus.gov
admmiller@columbus.gov
Attorney for Defendants City of Columbus
and Timothy J. Noll

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on July 1, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Janet R. Hill Arbogast
Janet R. Hill Arbogast
Assistant City Attorney
