IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW H. STEVENS, and MELANIE COPENHAVER | : : : | |
| | : | Case No. 2:20-CV-1230 |
| Plaintiffs, | : : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : : | |
| | : | Magistrate Judge Deavers |
| CITY OF COLUMBUS, OHIO, and TIMOTHY J. NOLL | : : : | |
| In his official capacity as Code Enforcement Officer of the City of Columbus, OH | : : : | |
| Defendants. | | |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion to Certify Questions to Ohio Supreme Court. (ECF No. 23). For reasons set forth herein, Plaintiffs' Motion to Certify to the Ohio Supreme Court is **DENIED**.

**I.   BACKGROUND**

This case relates to the City of Columbus' landscape alteration policies for owners of homes located in the City's historic districts. Plaintiffs Andrew Stevens and Melanie Copenhaver purchased a home located within the City of Columbus' Bryden Road Historic District. (ECF No. 1 at 3-4). Since their purchase, Plaintiffs have made many renovations to their home and yard, including a multilevel, terraced garden in the front yard. *Id.*

The Bryden Road Historic District, where Plaintiffs' home is located, is governed by the City of Columbus's Planning and Historic Preservation Code ("Historic Preservation Code"),

1

codified in Title 31 of the City's Code. The City's Historic Preservation code states in relevant part:

> This Planning and Historic Preservation Code is enacted to preserve and promote the public health, safety and welfare by means of regulations and restrictions enacted to encourage the orderly growth and development of the city; to provide for adequate light, air, open space and convenience of access; to protect against fire and natural hazards; and to maintain and enhance the value of buildings, structures and land throughout the city.

Columbus City Code § 3101.01. The Historic Preservation Code requires that property owners in certain historic districts first obtain certificates of appropriateness (also, "permits") prior to altering or making significant changes to their property.

In June 2018, Defendant Timothy Knoll, a City of Columbus Code Enforcement Officer, issued Mr. Stevens a code violation notice for installing a brick wall without a certificate of appropriateness from the Historic Resource Commission. (ECF No. 1 at 5). The notice required Stevens to correct the violation within thirty calendar days or face significant fines and punishment of sixty days imprisonment. (*Id.* at 6.).

Mr. Stevens requests that this Court permanently enjoin the City of Columbus from imposing criminal, civil, or other penalties on Plaintiff and other Columbus homeowners if they fail to obtain the Historic Resources Commission's approval of gardening and landscaping alterations. (*Id.* at 2.). He argues that this landscaping policy violates his rights under the Due Process Clause of the Fourteenth Amendment of the Constitution since the standards used by the members of the Historic Resources Commission are broad and vague such that "no person of ordinary intelligence can predict what is subject to its review or what should be approved." (ECF No. 3 at 5).

## II. STANDARD OF REVIEW

Under Ohio Supreme Court Rule of Practice 9.01, "[t]he Supreme Court may answer a question of law certified to it by a court of the United States." Ohio S. Ct. Prac. R. 9.01(A). A federal court may certify an issue when there is a question of Ohio law that may be determinative of the proceeding and there is no controlling precedent in the decisions of Ohio Supreme Court. *Id.* By certifying questions to the state supreme court, a district court faced with a novel state-law question can reduce delay, cut costs, and increase the assurance of an authoritative response. *Whittaker v. Allstate Prop. & Cas. Ins. Co.*, No. 2:15-CV-02584, 2017 WL 2491624 at *1 (S.D. Ohio June 9, 2017) (quoting *Jones v. Coleman*, 848 F.3d 744, 750 (6th Cir. 2017)). The "mere difficulty in ascertaining local law is no excuse" for the district court to certify a question. *Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974). Still, the decision to certify a question to a state supreme court "rests in the sound discretion of the federal court." *Id.* at 391.

### III.  ANALYSIS

Plaintiffs set forth the following two questions for potential certification:

(1) Does a municipality exceed the limits of the Ohio Constitution when it criminalizes vague conduct such as maintaining "incompatible" or "inappropriate" landscaping on one's own private property, particularly when application of such standards is delegated to non-governmental actors and the burden is placed on the property owner to prove compliance with those standards?

(2) Does a municipality exceed the limits of the Ohio Constitution when it, to advance a governmental interest in historic preservation, requires that *all* exterior alterations of private property be pre-approved by non-governmental actors, whether pursuant to a vague standard or otherwise?

(ECF No. 23 at 1).

For the Court to certify a question to the Ohio Supreme Court, it must find that: (1) the question involves Ohio law that may be outcome-determinative of the proceeding; and (2) there is no controlling Ohio Supreme Court precedent. Ohio S. Ct. Prac. R. 9.01(A).

### A.  Question One

*1. Do the Questions Involve Ohio Law that may be Determinative of the Proceedings?*

To determine whether certification of either or both questions is warranted, this Court must consider first whether the questions involve "Ohio law that may be determinative of the proceeding." *Id.* Under Ohio law, property interests include the right to use, enjoy, or dispose of land or chattels. *Isaak v. Trumbull Sav. & loan Co.*, 169 F.3d 390, 397 (6th Cir. 1999) (quoting 16 Ohio Jur.3d Constitutional Law § 483 (1979)). The right freely to use one's property is codified in Article I of the Ohio Constitution. *See State ex rel. Pizza v. Rezcallah*, 84 Ohio St.3d 116, 122, 1998 Ohio 313, 702 N.E.2d 81 (Oh. 1998). At issue in this case is the City of Columbus Planning and Historic Preservation Code, which requires that property owners in certain historic districts obtain a permit prior to altering or making significant changes to their property. Thus, as a preliminary matter, this Court finds that Ohio law applies here because Plaintiffs allege that the Historic Preservation Code intrudes on their right to use and enjoy their property.

To the specific inquiry of whether the proposed questions would determine the outcome of the proceeding, this Court answers in the affirmative. The outcome of these questions informs Plaintiffs whether the Historic Preservation Code employed tactics in violation of Plaintiffs right to use, enjoy, and disposing of their land as guaranteed by the Ohio Constitution by delegating the approval of appearance of their property to non-governmental actors. Thus, these questions are outcome determinative.

*2. Is There Controlling Ohio Supreme Court Precedent?*

Because the questions Plaintiffs pose involve Ohio law that are determinative of the proceedings, the Court now considers whether these questions present issues "for which there is no controlling precedent in the decisions of [the Supreme Court of Ohio]." Ohio S. Ct. Prac. R.

9.01(A); *see Drown v. Wells Fargo Bank, NA*, No. 2:10-CV-00272, 2010 WL 4939963, at *3 (S.D. Ohio Nov. 30, 2010).

Plaintiffs argue that the first question should be certified to the Ohio Supreme Court to provide the Supreme Court with an opportunity "to update and clarify its property rights jurisprudence in a manner" that will determine the outcome of Plaintiffs' case. (ECF No. 23 at 8). Plaintiffs cite to the Supreme Court of Ohio's *Norwood v. Horney*, 110 Ohio St.3d 353, 361-62 (2006), holds that the "Ohio Constitution requires stricter scrutiny when power over the free use of private property is delegated to private actors." (ECF No. 23 at 6). Plaintiffs argue that *Norwood* creates a higher standard of review over matters concerning the use of one's private property but fails to provide the necessary precedent to adjudicate this matter.

After reviewing Ohio case law, this Court does not find Plaintiffs' contention persuasive. *Norwood* is distinguishable from this case because it involved a question of eminent domain, and the Ohio Supreme Court's holding was expressly limited to those types of cases. *See Norwood*, 110 Ohio St. 3d at 356 (holding "that the void-for-vagueness doctrine applies to statutes that regulate the use of eminent-domain powers. Courts shall apply heightened scrutiny when reviewing statutes that regulate the use of eminent-domain powers.").

The Ohio Supreme Court has upheld standards similar to those imposed by the Historic Preservation Code in the context of historic district schemes. *See, e.g.*, *Vill. of Hudson v. Albrecht, Inc.*, 9 Ohio St. 3d 69, 70 458 N.E.2d 852, 854 (Oh. 1984). In *Albrecht*, the Supreme Court of Ohio considered an ordinance that gave a municipal Architectural and Historic Board of Review a set of standards to review applications for building permits. *Id.* at 73. The standards required the commission to consider "accepted and recognized architectural principles," and "the development of adjacent, contiguous and neighboring buildings and properties for the purpose of achieving safe,

5

harmonious and integrated development of related properties." *Id.* at 70, 74. The Ohio Supreme Court determined that the ordinance clearly set forth "all the standards reasonably necessary to guide the board in the exercise of its discretion" and that it was thus not an "unlawful delegation of legislative authority." *Id.* at 74.

Here, like in *Albrecht*, the ordinance sets forth standards for the Historic Resource Commission to consider when reviewing permit applications. Like the ordinance in *Albrecht*, this ordinance is focused on aesthetics, requiring that landscape changes are compatible to other features of the property and the neighborhood as a whole. Pursuant to *Albrecht*, this ordinance is valid and an appropriate delegation of legislative authority. Thus, this Court **DENIES** certification of Plaintiffs' first question.

### B. Question Two

#### 1. *Do requirements exceed the limits of the Ohio Constitution?*

This leaves Plaintiffs' second question for certification: Does a municipality exceed the limits of the Ohio Constitution when it, to advance a governmental interest in historic preservation, requires that *all* exterior alterations of private property be pre-approved by non-governmental actors, whether pursuant to a vague standard or otherwise? (ECF No. 23 at 8).

Plaintiffs argue that certification of this question would allow the Ohio Supreme Court to clarify the standard of review most applicable in cases such as these because the Ohio courts have articulated many standards for determining whether a limit on property rights is impermissible. (*Id.* at 14). The standards Plaintiffs allege should be employed is a standard higher than rational basis review but not strict scrutiny.

In a constitutional analysis of an ordinance at issue, the "object of scrutiny is the legislative action." *Jaylin Invs., Inc., v. Moreland Hills*, 107 Ohio St. 3d 339, 342 (Oh. 2006). Unless a

6

plaintiff meets his or her burden of showing that the legislative action taken was "arbitrary and unreasonable . . . and the decision has no substantial relation to the public health, safety, morals, or general welfare[,]" "[c]ourts should not interfere with zoning decisions[.]" *Id.* at 341; *see also Arendas v. Bd. of Trs.*, 2008-Ohio-6599 *P9 (Ohio Ct. App. 2008); *Winer v. Clay Twp.*, 208-Ohio-8765 *P21 (Ohio Ct. App. 2017). Plaintiffs claim that the regulation does not advance governmental interests to preserve the historic district because it fails to account for history and only measures whether exterior alterations are "compatible" to "(a) other improvements; (b) the home itself; (c) adjacent contributing properties; (d) open spaces; and (e) the overall environment." (ECF No. 23 at 2) (internal citations omitted). The stated purpose of the Historic Resources Commission, however, is to:

> Identify structures, groups, districts and sites of historic and architectural significance and to provide a method of regulation through design review to:
>
> (A) Promote the importance of historic preservation throughout the city;
> (B) Identify and list the diverse historic resources of the city;
> (C) Preserve, stabilize and improve neighborhoods, business districts and property for the enjoyment of all the people of the city;
> (D) Foster civic pride in the beauty and accomplishments of the past;
> (E) Strengthen the city's economy through the creation of new jobs;
> (F) Protect the unique historical and architectural character of listed properties; and
> (G) Increase the city's tax base through reinvestment in older buildings.

Columbus City Code § 3117.005. The city's regulation must only bear a substantial relationship to the city's stated goals, and the Supreme Court of Ohio has already expressly approved of historic preservation schemes that focus primarily on aesthetics. *See Albrecht, Inc.*, 458 N.E.2d at 856 (finding constitutionally valid a village historic preservation ordinance which focused on aesthetics, noting there is "a governmental interest in maintaining the aesthetics of the community."). The regulation's measurements of compatibility are appropriate to maintain the

7

historic district and are therefore, constitutional. Given the sufficient precedent on this issue, this Court **DENIES** certification of Plaintiffs' second question.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Appellants' Motion to Certify Questions of State Law to the Supreme Court of Ohio. (ECF No. 23 at 1).

**IT IS SO ORDERED**

                                                 __s/Algenon L. Marbley_____

                                                 **ALGENON L. MARBLEY**

                                                 **UNITED STATES DISTRICT JUDGE**

**DATED:  November 30, 2020**