# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREW H. STEVENS, et al.** | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:20-cv-01230 |
| | : | |
| v. | : | Judge Marbley |
| | : | |
| **CITY OF COLUMBUS, OHIO, et al.** | : | Magistrate Judge Deavers |
| | : | |
| Defendants. | : | |

### DEFENDANTS CITY OF COLUMBUS AND TIMOTHY J. NOLL'S MOTION FOR SUMMARY JUDGMENT

Defendants City of Columbus (City) and Timothy J. Noll (Noll), by counsel, respectfully move for summary judgment pursuant to Fed. R. Civ. P. 56 on Plaintiffs' Eighth Amendment claim. There are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law. A memorandum in support of this motion is attached.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW**
**ZACH KLEIN, CITY ATTORNEY**

s/ Janet R. Hill Arbogast
Janet R. Hill Arbogast (0061955)
Assistant City Attorney
77 N. Front Street, 2nd Floor
Columbus, Ohio  43215
Phone: (614) 645-7385
Fax: (614) 645-6949
jrhillarbogast@columbus.gov
Attorney for Defendants City of Columbus
and Timothy J. Noll

**MEMORANDUM IN SUPPORT**

The only remaining claim for the Court's consideration is Plaintiffs' claim for excessive fines pursuant to the Eighth Amendment to the United States Constitution. Defendants City of Columbus and Timothy J. Noll are entitled to summary judgment on that claim, as explained below.

I. STATEMENT OF FACTS

Plaintiffs Andrew H. Stevens and Melanie Copenhaver (Plaintiffs) own and reside at a home located at 1734-1736 Bryden Road in Columbus, Ohio. (ECF No. 1 at ¶¶ 10-11) Plaintiffs' property is located in the Bryden Road Historic District, which consists of approximately 259 structures. (*Id.* at ¶¶ 19-20) In order to maintain the historic character of properties located in its historic districts, the City has adopted regulations, which are codified in Title 31 of the Columbus City Code, governing those properties. Columbus City Code 3116.04 requires owners of property located in historic districts to apply for and receive a certificate of appropriateness prior to altering or modifying the exterior of the property or making site improvements thereon. (Ex. A) Despite the fact that Plaintiff Stevens had received certificates of appropriateness for his property for previous alterations, he made significant changes to the front yard of his historic property in approximately May 2018 without applying for such certificate, as required by City Code. Defendant Timothy J. Noll, a city code enforcement officer, issued a City of Columbus Violation Notice to Plaintiff Stevens on June 25, 2018. (Exhibit B) After he was cited for making alterations without approval, Plaintiff Stevens applied to the City's Historic Resources Commission for a Certificate of Appropriateness, which was denied. (Complaint, ¶ 41) Plaintiff Stevens then appealed to the City's Board of Commission Appeals, which also denied the appeal. (*Id.* at ¶ 45)

After the Historic Resources Commission and the Board of Commission Appeals upheld the notice of violation, Plaintiff Stevens filed an action in the Franklin County Municipal Court, Environmental Division. In that case, Mr. Stevens also sought a declaratory judgment and injunctive relief, as well as an appeal pursuant to Ohio Revised Code Chapter 2506.  (See, *Andrew H. Stevens v. City of Columbus,* Franklin County Municipal Court, Environmental Division, Case No. 2019 EVA 060245)  The Court granted the City's motion to dismiss for lack of subject matter jurisdiction.

Plaintiffs Stevens and Copenhaver then filed this case in federal court, asserting claims for:  violations of procedural due process under the Fourteenth Amendment and Article I, Sections 1, 16 and 19 of the Ohio Constitution; the right to be free from unequal treatment regarding property rights under Articles 1, 2, 16, 19 and 20 of Article I of the Ohio Constitution; and excessive fines under the Eighth Amendment to the United States Constitution.

Plaintiffs also requested a preliminary and permanent injunction, which was denied following an evidentiary hearing.  (ECF No. 30)  The only claim remaining for adjudication is Plaintiffs' Eighth Amendment Excessive Fines claim, the other claims having been adjudicated by the Court's Opinion issued on July 7, 2020 (*Id.*) and the Opinion & Order issued on November 30, 2020. (ECF No. 43)

**II.     LAW AND ARGUMENT**

  **A .  Summary Judgment Standard**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court may, therefore, grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the

existence of an element that is essential to that party's case.  *See*, *Muncie Power Prods. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

When viewing the evidence presented in favor of and in opposition to summary judgment, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial.  *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Consequently, the central issue is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

### B. Plaintiffs' Claim is not Ripe

In *Cheffer v. Reno*, 55 F.3d 1517 (11th Cir. 1995), anti-abortion activists challenged the constitutionality of the Freedom of Access to Clinic Entrances Act, 18 U.S.C. 248, on several grounds, including the Eighth Amendment's Excessive Fines Clause.  Because the plaintiffs had not actually been fined or threatened with a fine, the court first had to determine, as a threshold matter, whether the plaintiffs' Eighth Amendment claims were ripe.  The court found that they were not.

The same reasoning should apply to this case.  Here, the City issued a violation notice in June 2018.  In the intervening two and a half years, the City has taken no steps to collect a fine, nor has it threatened to collect a fine, from the plaintiffs.  This is evidenced as recently as

4

September 2020, when the City filed its action in environmental court seeking injunctive relief only.  Since Plaintiffs' claim is not ripe, the City is entitled to summary judgment in its favor.

### C. In the Alternative, The City is Entitled to Summary Judgment on the Merits

Plaintiffs claim the City has violated their right to be free from excessive fines under the Eighth Amendment to the United States Constitution.  (ECF No. 1, ¶¶ 139-153)    The Violation Notice issued to Plaintiff Stevens in June 2018, states  that "Failure to comply with this notice is a Misdemeanor of the Third Degree and may be punishable to an individual by a $500.00 fine and sixty (60) days imprisonment. . ."  (Exhibit B)  Plaintiffs have introduced no evidence concerning a fine other than the violation notice.  They have not shown that they have actually paid any fine at all, much less an excessive fine.  In fact, Plaintiff Stevens admitted at the injunction hearing that he had not paid a fine or received any further notice of a fine.  Plaintiffs have also not put forth evidence of any attempt by the City to collect any fine.

To the contrary, the City filed an action on September 28, 2020, against Plaintiffs Stevens and Copenhaven in the Franklin County Municipal Court, Environmental Division seeking only injunctive relief, and not the payment of fines.  (See Ex. C and its attachment)

Notwithstanding the fact that the City has not  at any time since the issuance of the Violation Notice on June 25, 2018, Columbus City Code 3116.26 permits the City to assess a civil penalty upon an owner of  property located in a historic district who "makes site improvements or constructs, reconstructs or alters any structure or architectural feature now or hereafter in a district or listed property in violation of this chapter shall pay a civil penalty of not less than five hundred dollars ($500.00) . . ."  (Exhibit B)    The Violation Notice issued to Plaintiff Stevens on June 25, 2018, conforms to the City Code and assesses the minimum fine.

When considering a claim for excessive fines under the Eighth Amendment, the question

5

is "whether the fine is intended as a punishment. *WCI, Inc v.Ohio Dep't of Pub. Safety*, 774 Fed. App'x 959. There is no evidence that the $500.00 assessment in this case is punitive. Instead, it is remedial in nature since it seeks to remediate Plaintiff Stevens' action of relandscaping his front yard and erecting a retaining wall, all without applying for and receiving a certificate of appropriateness, as required by the city code. **"**Civil fines serving remedial purposes do not fall within the reach of the Eighth Amendment." *Austin v. United States*, 509 U.S.602, 610 (1993).

### III. CONCLUSION

Based on the foregoing, Defendants request that the Court grant their motion for summary judgment.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY**

s/ Janet R. Hill Arbogast
Janet R. Hill Arbogast (0061955)
Assistant City Attorney
77 N. Front Street, 2nd Floor
Columbus, Ohio  43215
Phone: (614) 645-7385
Fax: (614) 645-6949
jrhillarbogast@columbus.gov
Attorney for Defendants City of Columbus
and Timothy J. Noll

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on December 18, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Janet R. Hill Arbogast
Janet R. Hill Arbogast
Assistant City Attorney