IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW H. STEVENS, et al. | : | |
| Plaintiffs, | : | Case No. 2:20-cv-01230 |
| v. | : | Judge Marbley |
| CITY OF COLUMBUS, OHIO, et al. | : | Magistrate Judge Deavers |
| Defendants. | : | |

## AFFIDAVIT OF STEPHEN C. DUNBAR

STATE OF OHIO    )
                 ) ss:
COUNTY OF FRANKLIN )

I, Stephen C. Dunbar, being first duly cautioned and sworn, state that I have personal knowledge of the facts contained in this affidavit, that I am competent to testify to the matters stated herein, and that the following statements are true:

1.  I am employed by the Columbus City Attorney's Office as an Assistant City Attorney and Section Chief of the Zone Initiative Team.

2.  The Zone Initiative Team is responsible for enforcing various City Code provisions relating to real property, including, but not limited to, properties located in the City's historic districts.

3.  On September 28, 2020, the City of Columbus, through the City Attorney's Zone Initiative Team, filed a Complaint in the Franklin County Municipal Court, Environmental Division, against Andrew H. Stevens and Melanie M. Copenhaver. A true and accurate copy of that complaint and its exhibit is attached hereto as Exhibit A-1.

4.  Mr. Stevens and Ms. Copenhaver are the owners of real property located at 1734-

1

**Exhibit C**

1736 Bryden Road, Columbus, Ohio. This property is located in the Bryden Road Historic District.

5. In June 2018, a Notice of Violation was issued to Mr. Stevens because the front yard of his property had been landscaped and a retaining wall had been erected without first obtaining a Certificate of Appropriateness as required by City Code 3116.04.

6. The case against Mr. Stevens and Ms. Copenhaver seeks injunctive relief only by asking the Environmental Court to order Mr. Stevens and Ms. Copenhaver to bring their property into compliance. It does not seek payment of any fines.

Further Affiant sayeth naught.

_____
Stephen C. Dunbar

SWORN TO BEFORE ME and subscribed in my presence this 17th day of December 2020.

Ian D. Wiley
Notary Public, State of Ohio
Franklin County
My Commission Expires
May 11, 2022

_____
Notary Public, State of Ohio

My commission expires: 05/11/2022

2

FCMC LORI M. TYACK
2020 EVH 060534 Sep 28 2020 03:58 PM

IN THE FRANKLIN COUNTY MUNICIPAL COURT
ENVIRONMENTAL DIVISION
COLUMBUS, OHIO

| | |
|---|---|
| **CITY OF COLUMBUS, OHIO**<br>℅ Zach Klein<br>Columbus City Attorney, Zone Initiative<br>375 South High Street, 17th Floor<br>Columbus, Ohio 43215,<br><br>Plaintiff,<br><br>v.<br><br>**ANDREW H. STEVENS**<br>1734 Bryden Road<br>Columbus, Ohio  43205<br><br>and<br><br>**MELANIE M. COPENHAVER**<br>1734 Bryden Road<br>Columbus, Ohio  43205<br><br>and<br><br>**TELHIO CREDIT UNION, INC.**<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>and<br><br>**STATE OF OHIO<br>DEPARTMENT OF TAXATION**<br>150 E. Gay Street, 17th Floor<br>Columbus, Ohio 43215<br><br>and<br><br>**CHERYL BROOKS SULLIVAN<br>FRANKLIN COUNTY TREASURER**<br>373 South High Street, 17th Floor<br>Columbus, Ohio 43215<br><br>and | Case No.<br><br>JUDGE STEPHANIE MINGO<br><br><br>**VERIFIED COMPLAINT**<br><br>**FOR INJUNCTIVE RELIEF** |

| | | |
|---|---|---|
| **REAL PROPERTY LOCATED AT:** | : | Parcel No. 010-014593-00 |
| 1734-1736 Bryden Road | : | |
| Columbus, Ohio 43204 | : | |
| | : | |
| | : | |
| Defendants. | : | |

1. This complaint concerns enforcement of Ohio Revised Code (hereinafter "R.C.") Chapter 3767 *et seq.*, Title 33 (Zoning Code) of the Columbus City Code so as to be within the exclusive jurisdiction of the Environmental Division of the Franklin County Municipal Court pursuant to R.C. § 1901.181.

2. Plaintiff has standing pursuant to R.C. §§ 713.13 and/or 715.30 to bring an action seeking an injunction to prevent violations of its housing ordinances of the City of Columbus, Ohio.

3. The Court has personal jurisdiction over the individual Defendant pursuant to R.C. §2307.382(A)(8) since the basis of this complaint is real property situated in Franklin County, Ohio.

4. The Court is a proper venue pursuant to Civ.R. 3(B)(5), since the subject of the action is real property situated in Franklin County, Ohio.

## PARTIES

5. Plaintiff, Columbus, Ohio, is a municipal corporation organized under the Constitution and laws of the State of Ohio as well as the Charter, ordinances, and codes of the City of Columbus, Ohio. Zach Klein is the duly elected City Attorney for the City of Columbus, Ohio and brings this action in his official capacity.

6. Andrew H. Stevens and Melanie M. Copenhaver are the owners of record, defendants and/or interested parties of the property located at 1734-1736 Bryden Road, Columbus, Ohio 43205, holding an interest by virtue of a Quit Claim Deed recorded with the

Franklin County Recorder's Office, Instrument No. 201911050147177, and an individual/entity in charge, care and control of the Premises.

7. The Telhio Credit Union Inc. c/o MERS, holds a mortgage interest in the property, as filed with the Franklin County Recorder's Office Instrument Number 201911050147178, which could be adversely be affected by this action.

8. State of Ohio Taxation holds a lien interest in the property by virtue of a certificate of judgment, Instrument Numbers 20JG095501 as filed with the Franklin County Recorder's Office, which could be adversely affected by this action.

9. Cheryl Brooks Sullivan is the duly elected and qualified Treasurer of Franklin County, Ohio, and may claim an interest in the property for unpaid and future taxes. This interest could be adversely affected by this action.

10. The real property that is the subject matter of this complaint is located at 1734-1736 Bryden Road, Columbus, Ohio 43205 known as Franklin County Permanent Parcel No. 010-014593-00 (hereinafter "the Premises"), situated in the City of Columbus, Franklin County, Ohio on which is constructed a single-family dwelling. This action is also *in rem* with respect to the Premises.

## FACTS

11. Andrew H. Stevens and Melanie M. Copenhaver have been the recorded owners of record of the Premises since November 5, 2019.

12. On or about June 22, 2018 Property Maintenance Inspector Timothy J. Noll, (hereinafter "Noll"), of the Department of Development's Code Enforcement Division had reason to and inspected the Premises located at 1734-1736 Bryden Road, Columbus, Ohio 43205 and observed the violations of Columbus City Code §§ 3116.04 as listed in Exhibit A.

13. Noll issued Zone Code Violation Order 18440-COA03730 (hereinafter "the Order") to Defendant detailing a violation of the City of Columbus Zoning Code, Title 33.

14. The Code Violation Order 18440-COA03730 stated that the violations needed to be corrected within 30 days of service of the order, unless an extension was granted.

15. On or about August 26, 2020, Noll of the Department of Development's Code Enforcement re-inspected the property and found that the property was still not in compliance with Columbus City Codes as stated in Noll's attached Affidavit. *(See attached Plaintiff's Exhibit A.)*

16. Plaintiff asserts that the order was not appealed or complied.

## CLAIM FOR RELIEF

17. Plaintiff incorporates the preceding paragraphs 1 through 16 as if fully incorporated herein.

18. By reason of the foregoing, the Premises, in their non-compliant state, does not comply with the provisions of the City of Columbus Zoning Code, Title 33.

19. By reason of the foregoing, the Premises, in their non-compliant state, constitutes a public nuisance as defined in R.C. § 3767.41(A)(2)(a) and Columbus City Code § 4703.01(F), §4501.275 and §4101.16.

20. Defendant(s) have a duty to abate the nuisance at the property located at 1734-1736 Bryden Road, Columbus, Ohio 43205, by bringing the property into compliance with the City of Columbus Zoning Code, Title 33.

## JUDGMENT AND RELIEF DEMANDED

WHEREFORE, Plaintiff demands judgment as follows:

### Code Violations

1. A determination that the Premises violates C.C.C. Title 33 and/or O.R.C. §3767.41.

2. An order requiring the defendant(s) and any successor(s) in interest or title to bring the Premises into compliance with any and all applicable provisions of the Columbus City Code and/or Ohio Revised Code.

3. An order preliminarily and permanently enjoining the defendant(s) and any successor(s) in interest or title from further violating any and all applicable provisions of the Columbus City Code and/or Ohio Revised Code at the Premises.

*Public Nuisance*

4. A determination that the Premises constitutes and be declared a public nuisance as defined by C.C.C. §§4101.16, 4501.275, 4703.01(F) and/or O.R.C. §3767.41(A)(2).

5. An order preliminarily and permanently enjoining the defendant(s) and any successor(s) in interest or title from maintaining a public nuisance at the Premises.

6. An order preliminarily and permanently enjoining the defendant(s) from maintaining a public nuisance within the territorial limits of Franklin County, Ohio.

*Plaintiff to Abate*

7. Authorize Plaintiff, Plaintiff's agent pursuant to O.R.C. §715.261(E), and/or Plaintiff's private contractor to enter onto the Premises and perform abatement activity pursuant to C.C.C. §§4109.06, 4509.06, 4701.08, R.C. §§715.26 and/or 715.261, including, but not limited to, demolishing any and all structures located on the Premises.

8. Authorize Plaintiff, and/or its agent pursuant to O.R.C. §715.261(E), to recover the total cost of abatement activity pursuant to C.C.C. §§4109.06, 4509.06, 4701.08, and/or R.C. §§715.261(B) including, but not limited to: (1) certifying the costs to the county auditor for placement as a charge upon the Premises' tax list, (2) commencing a civil action, and (3) filing a lien on the Premises and pursuing a foreclosure action for a minimum bid equal to the

sum of the taxes, penalties, interest, costs, assessments, total cost of abatement activity and any associated court costs and interest.

### *Receivership*

9. Appoint a receiver, pursuant to O.R.C. §§1901.131, 2735.01 and/or 3767.41(C)(3).

10. Authorize said receiver to do any and all acts as the Court deems necessary pursuant to O.R.C. §§2735.04 and/or 3767.41 including, but not limited to: (1) repairing or renovating any and all structures on the Premises, (2) demolishing any and all structures on the Premises, and (3) selling the Premises free and clear of any and all liens.

11. Tax as court costs, or otherwise treat as an administrative expense of this matter, pursuant to O.R.C. §§2735.04 and/or 3767.41, any funds that are expended by or on behalf of the receiver.

12. Declare, through an enforceable order, that any and all courts costs and administrative expenses of this matter shall have priority over any and all preexisting liens upon the Premises.

### *Additional Relief*

13. An award of Plaintiff's costs and attorney's fees payable by defendant(s).

14. All such further equitable and other relief as the Court determines Plaintiff to be entitled.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW**
**ZACH KLEIN, CITY ATTORNEY**

/s/   Heidy T. Carr
Heidy T. Carr (0093524)
Assistant City Attorney
375 S. High Street, 17th Floor
Columbus, Ohio 43215
Phone: 614-645-0402  Fax:   614-645-6548
htcarr@columbus.gov
*Attorney for Plaintiff City of Columbus*

# AFFIDAVIT

## CODE ENFORCEMENT

Now comes **Tim J. Noll** who being first duly cautioned and sworn, stating that I have personal knowledge of the facts contained in this affidavit and that I am competent to testify to the matters stated herein, and state as follows:

1.) I am currently employed by the City of Columbus, Department of Development as a Property Maintenance Inspector. I have been employed with the City of Columbus Code Enforcement Division **#26** years.

2.) In my capacity as a Property Maintenance **Inspector**, I had reason to inspect the property located at **1734-1736 Bryden Rd.** Columbus, Ohio, **43205**, Parcel Number **Parcel 010-014593**. The date of my original inspection was **6/22/2018.**

3.) During the course of the inspection, I witnessed the following violations of the Columbus City Code: **Erecting a retaining wall without a Certificate of Appropriateness.**

4.) As a result of these violations, Order **#18440-COA03730** was issued.

5.) I re-inspected the aforementioned property on **8/26/2020** and found the following violations: **A retaining brick wall has been erected in the front yard, without first obtaining a Certificate of Appropriateness-3116.04 Since a Certificate of Appropriateness wan denied, the retaining wall needs to be removed.**

FURTHER AFFIANT SAYETH NAUGHT.

_____
**Tim J. Noll,** Property Maintenance **Inspector**

Edgar L. Dillon Jr.
Notary Public
In and for the State of Ohio
My Commission Expires
5/31/25

Sworn to and Subscribed in my presence this 26 day of August, 2020.

By: _____, Notary Public

EXHIBIT A