IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDREW H. STEVENS, *et al.*, : | |
| : | Case No. 2:20-cv-01230 |
| Plaintiffs, : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| CITY OF COLUMBUS, *et al.*, : | |
| : | |
| Defendants. : | |

**OPINION & ORDER**

**I.      INTRODUCTION**

This matter comes before the Court on cross-motions for summary judgment. For the reasons that follow, Plaintiffs Andrew H. Stevens' and Melanie Copenhaver's Motion for Summary Judgment is **DENIED**. (ECF No. 48). Defendant City of Columbus' Motion for Summary Judgment is **GRANTED**. (ECF No. 47).

**II.     BACKGROUND**

This case relates to the City of Columbus' landscape alteration policies for owners of homes located in the City's historic districts. Plaintiffs Andrew H. Stevens and Melanie Copenhaver own and reside at a home located at 1734-1736 Bryden Road in Columbus, Ohio. (ECF No. 1 ¶¶ 10–11). The home is not subject to any restrictive covenants but is located within the City of Columbus' Bryden Road Historic District. (ECF No. 1 at 3-4; ECF No. 3 at 4).

The Bryden Road Historic District is governed by the City of Columbus' Planning and Historic Preservation Code ("Historic Preservation Code"), codified in Title 31 of the City's Code. The City's Historic Preservation code was

> enacted to preserve and promote the public health, safety and welfare by means of regulations and restrictions enacted to encourage the orderly growth and development of

the city; to provide for adequate light, air, open space and convenience of access; to protect against fire and natural hazards; and to maintain and enhance the value of buildings, structures and land throughout the city.

Columbus City Code § 3101.01. The Historic Preservation Code requires that property owners in certain historic districts first obtain certificates of appropriateness before altering or making significant changes to their property. Columbus City Code § 3116.04 ("[N]o person shall construct, reconstruct, alter, [or] change . . . any listed property or architectural feature thereof . . . without first applying for . . . and obtaining . . . [a] certificate of appropriateness or a clearance.").

In May 2018, Plaintiffs, without obtaining the required certificate of appropriateness, renovated the home and the yard, and as part of the renovation process, installed a terraced garden in the front yard, as shown in the images below. *Id.*

Plaintiffs' Home at 1734 Bryden Road - August 2018 (Before Landscaping)

Plaintiffs' Home at 1734 Bryden Road - October 2018 (After Landscaping)

In June 2018, Defendant Timothy J. Knoll, a Columbus city code enforcement officer, issued Plaintiffs a code violation notice for having installed a retaining brick wall in their front yard without first obtaining a required certificate of appropriateness from the Historic Resource

2

Commission ("HRC"). (*Id.* at 5; ECF No. 15 at 2). Plaintiffs were directed to comply with the notice within 30 days or face monetary fines or punishment of sixty days imprisonment. *Id.* at 5.

In December 2018, Plaintiff Stevens appealed to the HRC to keep the improvements to his home, but that appeal was denied. He then appealed the denial to the Board of Commission Appeals in January 2019. (ECF No. 1 at 7). The Board of Commission Appeals ("BCA") also denied his appeal in April 2019. *Id*. Mr. Stevens next appealed the BCA's decision to the Environmental Division of the Franklin County Municipal Court. *Id*. at 8. The Municipal Court dismissed Mr. Stevens' case without prejudice for lack of subject matter jurisdiction. (ECF No. 15-1 at 3).

Plaintiffs filed the instant suit on March 6, 2020 and sought a preliminary injunction pursuant to 42 U.S.C. § 1983. (ECF No. 1). This Court held a hearing on Plaintiffs' Motion for Preliminary Injunction on June 22, 2020 and denied the motion on July 7. (ECF No. 30). The only remaining substantive claim concerns Plaintiffs' Eighth Amendment excessive fines claim on which both parties now move for summary judgment. (ECF Nos. 47, 48).

### III. STANDARD OF REVIEW

Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate when "there is no genuine dispute as to any material fact[,] and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Berryman v. SuperValu Holdings, Inc.*, 669 F.3d 714, 716–17 (6th Cir. 2012). The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the non-moving party; evidence that is

"merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id.* at 249–50.

The party seeking summary judgment shoulders the initial burden of presenting the Court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (finding that after the burden shifts, the non-movant must "produce evidence that results in a conflict of material fact to be resolved by a jury").

In considering the factual allegations and evidence presented in a motion for summary judgment, the Court "views factual evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). Self-serving affidavits alone, however, are not enough to create an issue of fact sufficient to survive summary judgment. *Johnson v. Washington Cnty. Career Ctr.*, 982 F. Supp. 2d 779, 788 (S.D. Ohio 2013) (Marbley, J.). "The mere existence of a scintilla of evidence to support [the non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Anderson*, 477 U.S. at 251.

The Court's standard of review does not change when the parties file cross-motions for summary judgment. *See Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) ("[T]he standards upon which the court evaluates the motions for summary judgment do not change simply

4

because the parties present cross-motions."). Thus, in reviewing cross-motions for summary judgment, the Court must still "evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the non-moving party." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994).

## IV. LAW & ANALYSIS

### A. Ripeness

"[C]hallenges under the Excessive Fines Clause are . . . generally not ripe until the actual, or impending, imposition of the challenged fine." *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995). In *Cheffer v. Reno*, 55 F.3d 1517 (11th Cir. 1995), anti-abortion activists challenged the constitutionality of the Freedom of Access to Clinic Entrances Act, 18 U.S.C. 248, on several grounds, including the Eighth Amendment's Excessive Fines Clause. The plaintiffs urged that they faced arrest and conviction and civil penalties under the Act. But because the plaintiffs had not actually been fined or threatened with a fine, the court first had to determine, as a threshold matter, whether the plaintiffs' Eighth Amendment claims were ripe. The court found that they were not, finding that the "allegations amount[ed] to mere speculation about contingent future events." *Id.* at 1524. Without allegations of a particular violation and fine, the court concluded that it "cannot decide whether a specific fine will be excessive." *Id.*

Here, Defendant contends that this matter is not ripe because the City has not attempted to collect a fine nor threatened to collect a fine since the June 2018 letter. Plaintiffs reply that the summary-judgment record indicates that Plaintiffs received multiple notices that they ran the risk of a fine until they brought their property into compliance. For example, on December 17, 2019, Defendant Noll emailed Mr. Stevens writing: "This would be a civil case! Fines would run on the property every day till the property is in compliance." (ECF No. 51-1; *see also* ECF No. 51 at 4).

5

As a legal matter, Plaintiffs' ripeness argument only gestures vaguely to caselaw. None of the cases cited in their Reply to Defendants' Motion for Summary Judgment occur in the Eighth Amendment excessive fines context. (*See generally* ECF Nos. 48, 51). Conversely, Defendant cites numerous cases, including *Cheffer*, in arguing that the matter is not ripe. (ECF No. 47 at 4).

Plaintiffs' claims are somewhat different than the plaintiffs in *Cheffer*, who faced fines under a statute, but no action had yet been taken. Here, the Complaint alleges that the City sent Plaintiffs notices of violation and warned them of the potential for fines or forfeiture. Their claim is not purely hypothetical, which makes it sufficient to demonstrate Article III standing. Ripeness, however, is another question. Because there is no evidence that any action has been taken to pursue collection from Plaintiffs, the inquiry is not ripe and must be postponed if and until the issues are presented in more concrete circumstances sufficient for this Court to review an as-applied challenge. *See also Infinity Outdoor, Inc. v. City of New York*, 165 F. Supp. 2d 403, 431 (E.D.N.Y. 2001) (granting summary judgment to defendants on plaintiffs' excessive fines claim where "no fine has been imposed, and no enforcement proceedings have been commenced against plaintiff"); *United States v. Blackman*, 746 F.3d 137, 144 (4th Cir. 2014) ("Where no final forfeiture order or judgment has been entered, ruling on [an excessive-fines challenge] would be premature.").

### B. Summary Judgment Merits

Even if the case *sub judice* were ripe, it would fail on the merits. Plaintiffs argue that the City has violated their right to be free from excessive fines under the Eighth Amendment. (ECF No. 1, ¶¶ 139–153). In relevant part, the Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines impose." U.S. CONST., Amend. VIII. "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). The Sixth Circuit employs a two-

step excessive fines analysis: (1) is the fine punitive or remedial; and (2) if punitive, was the fine grossly disproportionate to the offense.

To determine if a fine is punitive or remedial, courts ask whether the fine "constitutes 'payment to a sovereign as punishment for some offense.'" *Austin v. United States*, 509 U.S. 602, 610 (1993) (quoting *Browning-Ferris*, 492 U.S. at 257). A purely remedial sanction "compensates [g]overnment for lost revenues" and is not brought about "to deter and to punish." *Bajakajian*, 524 U.S. at 329 (quoting Remedial, Black's Law Dictionary 1293 (6th ed. 1990); *Austin*, 509 U.S. at 622 ("The Clause prohibits only the imposition of "excessive" fines, and a fine that serves purely remedial purposes cannot be considered "excessive" in any event.").

In this case, the fine Plaintiffs face is at least partially remedial. Plaintiffs skirted around the requirement to obtain a Certificate of Appropriateness, as required by City of Columbus Code 3116.04. Thus, the fee—if it were assessed—seeks to compensate the City for lost revenue it would have obtained had Plaintiffs abided by the regulation. In other words, it appears to be remedial because a fine would satisfy an unsatisfied obligation. On the other hand, the fine is at least partially punitive insofar as it seeks to bring Plaintiffs into compliance with the regulations. "Civil fines that seek to deter rule-breaking or enforce compliance are punitive in character." *Farina v. Metro. Transportation Auth.*, 409 F. Supp. 3d 173, 198 (S.D.N.Y. 2019). Because the would-be fine has at least partially punitive (since it seeks to enforce compliance), the fine is punitive, and this Court proceeds to the second step of the excessive fines' analysis, i.e., whether the fine is grossly disproportionate to the offense.

Even if this case were ripe, it is unlikely that this Court would find it grossly disproportionate to the offense. There is a strong presumption that a fine is not unconstitutionally excessive if it lies within the range of fines prescribed by the legislature. *Bajakajian*, 524 U.S. at

7

336. In *Bajakajian*, which involved a forfeiture, the Supreme Court emphasized that "judgments about the appropriate punishment for an offense belong in the first instance with the legislature." 524 U.S. at 336. And so, in reviewing the Moustakises' challenge to the aggregate fine, the Supreme Court held that the $150 per day fine that had accrued for fourteen years into approximately $700,000 was due "substantial deference" because it was within the range of fines prescribed by the Florida Legislature. 338 F. App'x at 821. Further, the $700,000 total fine "was created by the Moustakises' failure to bring the house into compliance each day for 14 years." *Id.* at 822. The Eleventh Circuit explained that the $700,000 total fine was not grossly disproportionate but "literally, directly proportionate to the offense." *Id.*

In this case, the applicable regulations subject non-compliant homeowners to civil penalties of $100 per day, as well as criminal penalties carrying a maximum 60-day jail sentence. Because this is a civil penalty that the legislature dictated, there is a presumption against it being grossly excessive. *Id.* at 336. Even if there were not such a presumption, this Court is skeptical that Plaintiffs have demonstrated, based off of caselaw, that the fine they hypothetically face is grossly excessive.

## V. CONCLUSION

For the reasons set forth above, Plaintiffs Andrew H. Stevens' and Melanie Copenhaver's Motion for Summary Judgment is **DENIED**. (ECF No. 48). Defendant City of Columbus' Motion for Summary Judgment is **GRANTED**. (ECF No. 47).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 11, 2021**